## MICHIGAN CENTRAL RAILROAD COMPANY

### *v.*

## WILLIAM GOUGAR.

1. AGENT—*power to submit to arbitration.*  An agent can not submit the cause of his principal to arbitration without express authority from his principal so to do.

2. EVIDENCE—*the admissions and declarations of an agent* or servant do not, in general, bind the principal.  To be admissible in evidence, they must enter into and form a part of the *res gestæ,*—must be in the nature of original, and not hearsay, evidence.  They must be made not only during the continuance of the agency, but in regard to a transaction depending at the time.

3. In an action against a railroad company for the killing of the plaintiff's cattle by an engine of the defendants, it was *held*, that the declarations of the engineer in charge of the engine, made subsequent to the happening of the accident, at a place distant therefrom, and at a time when the engineer was not transacting or doing any business of the company in relation thereto, were inadmissible as evidence to bind the company.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The opinion states the case.

Mr. G. D. A. PARKS, for the appellants.

Mr. E. C. FELLOWS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace, by the appellee, against the appellants, for killing the stock of the appellee by the locomotive and train of the appellants, on their track, in Will county.   The appellee recovered before the justice of the peace, and the appellants removed the cause to the circuit court of Will county, where a trial was

again had and resulted as before, in a judgment in favor of the appellee.

The cause now comes to this court on appeal. The errors assigned, on which the appellants rely, to reverse this judgment, are as follows, viz:

1. That the verdict is manifestly against the evidence in the case.

2. That the court erred in admitting improper evidence on the part of the plaintiff.

3. That the court erred in refusing proper instructions asked by the defendants.

We think that the second error is well assigned, and that the court ruled erroneously, in permitting certain evidence to go to the jury, over the objections of the counsel for the appellants.

On the trial in the circuit court, the appellee, who offered himself as a witness for that purpose, was permitted, against the objection of the counsel for the appellants, to testify to a conversation between himself and a Mr. Knowlton, who, it is alleged, was an agent of the company for settling claims against the company for stock killed or injured. The appellee there testified, that, in a conversation he had with Mr. Knowlton, he (Knowlton) stated that he had not seen the engineer of the train that killed the cattle, but that if the engineer said it was all right, he would abide by his decision. Appellee further testified that he afterwards saw Chapman, the engineer, and told him what Mr. Knowlton had said,—that he left it to him to say whether he (appellee) should have pay for his cattle, and that Chapman replied that he did not see the cattle until he got right on them, and that he ought to have his pay. The court also permitted the witness Abrams to testify to the same conversation with Chapman.

We are not familiar with any principle of law, or rule of evidence, under which this testimony could properly be permitted to go to the jury for their consideration. In any view that we can take of it, the evidence was inadmissible.

If it was intended by the evidence to prove that Mr. Knowlton had submitted the matters in dispute between the parties to the arbitrament and decision of Chapman, the engineer, then the agent exceeded his authority, and the evidence, for that reason, was incompetent. An agent cannot submit the cause of his principal to arbitration without express authority from the principal so to do, and certainly no such authority is shown, or offered to be shown, in this case. The appellee himself testifies that he never agreed to be bound by the decision of Chapman, the engineer, and it would be most inequitable to hold that the appellants would be bound thereby, and not the appellee, in case the decision had been adverse to his interests.

But if it was only intended to give the evidence as the declaration of the agent of appellants, we still hold that it was inadmissible, under the circumstances. Whatever Chapman knew that was material to the issue between the parties, could only be proved by calling him as a witness. It certainly could not be established by proving his mere declarations.

In *Fairly* v. *Hastings*, 10 Ves. 123, it was held that if any fact, material to the issue of either party, rests in the knowledge of an agent, it is to be proved by his testimony, not by his mere assertion.

To the same effect is the case of *Thallhiener* v. *Brinkerhoff*, 4 Wend. 396. In that case, the court say that it is not true, when an agency is established, the declarations of an agent are admitted in evidence merely because they are his declarations; they are only evidence when they form a part of the contract entered into by the agent on behalf of the principal, and in that single case they are admissible.

The admissions and declarations of an agent are always admissible as evidence, when his acts and declarations entered into and formed a part of the *res gestæ*, and in that case they may be proved as any other affirmative fact in the case.

The case of *Luby et ux.* v. *The Hudson River R. R. Co.* 17 N. Y. 131, is exactly in point. The action was for alleged negligence in running a railroad car, drawn by horses, against

the plaintiff, injured, in one of the streets of New York City. At the trial the plaintiff called as a witness a policeman, who was present soon after the accident, and arrested the driver. The witness was permitted to testify, over the objection of the counsel for the defendants, to a conversation with the driver of the car, and when asked why he did not stop the car, the driver replied that the brake was out of order. The admission of this evidence was held to be error. The court say, "that the declarations of an agent or servant do not in general bind the principal. To be admissible, they must be in the nature of original, and not hearsay, evidence. They must be made not only during the continuance of the agency, but in regard to a transaction depending at the very time."

In the case before us, the declarations of the agent sought to be introduced as evidence, were made at a time long subsequent to the happening of the accident complained of, and at a place distant therefrom, and at a time when the agent was not transacting or doing any business of his principal in relation thereto, or any other business of the principal at the time the declarations were made. They were purely the declarations of the engineer, made on his own responsibility, and therefore inadmissible as evidence to bind the company.

If this evidence had been excluded from the jury, as it ought to have been, by the court, the instructions asked by the appellants, the refusal to give which is complained of, could have no application to the case, and therefore it becomes unnecessary for us to inquire whether they state correct principles of law.

Inasmuch as this cause is to be submitted to another jury, it is not, perhaps, proper for us at this time to comment on the weight of the evidence, the sufficiency of which to sustain the verdict is questioned by the first error assigned.

For the error of the court in admitting improper evidence on the part of the plaintiff, this judgment must be reversed and the cause remanded for a new trial.

*Judgment reversed.*