## ALBERT HOVEY *et al.*

### *v.*

## JAMES W. MIDDLETON *et al.*

1. EVIDENCE — *conversation between agents* — *admissibility of, as original evidence.* Mere casual conversations between two agents in regard to the business of their respective principals, not made at a time when they were transacting any business of their principals so as to make the conversations a part of the *res gestæ*, are not admissible as original evidence.

2. SETTING ASIDE DEFAULT — *discretionary.* The power of setting aside defaults, as a general rule, is a discretionary one, and the court exercising it may impose upon the party guilty of *laches* such terms as it may deem equitable and just under all the circumstances, and its action will not be reviewed in the appellate court.

3. COSTS — *on a trial after judgment by default set aside.* Where, upon motion of a defendant, the court set aside a judgment rendered against him by default, and leave was given him to plead, upon the condition that he would pay all costs to date, and deposit in court the amount of the judg-

ment, and upon trial the plaintiff recovered a less amount than the former judgment, it was *held,* the deposit in court of the amount of the judgment, and the failure of the plaintiff to prove that he was entitled to its full amount, could not render him liable for costs, as in case of a refusal to accept a proper tender.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

The opinion states the case.

Messrs. DENT & BLACK, for the appellants.

Messrs. SMITH & KOHLSAAT, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

By agreement of the parties, this cause was submitted to the court for trial without the intervention of a jury, and the court found the issues for the plaintiffs, and rendered judgment against the defendants in the sum of $150.50.

The errors assigned question the findings and rulings of the court on the trial in the court below.

It appears from the evidence that, in March, 1868, the appellants desired to have produced an illustrated catalogue of designs in terra cotta work, and for that purpose entered into a contract with appellees to print one thousand copies of a work of fourteen pages, for which the appellants were to pay the sum of $470.

In preparing the designs it was found that the work would have to be extended to twenty pages, and the parties had an interview about the increased cost of the enlarged work. They do not agree in their statements of what occurred at that interview.

Appellants insist that it was then agreed that the enlarged work should be charged for at a little less than a *pro rata* of the agreed price of the catalogue of fourteen pages. This the

appellees deny, and insist that the additional work was to be paid for at a fair price.

It is not denied that the appellants ordered the work to be enlarged from the original design, and, in the absence of any special contract to the contrary, the law would imply a promise to pay for the additional work so much as the same would be reasonably worth. A very considerable amount of evidence was heard on the trial, and it is quite as conflicting in its character as are the statements of the parties in interest. There is evidence that tends to show that the enlarged work should be completed at a *pro rata* of the agreed price for a work of fourteen pages, and there is also evidence tending to show that the appellees were to be paid for so much as the same was reasonably worth. The burden of proof was on the appellants to establish the special contract, and the law required them to prove that fact by a preponderance of the evidence. After a careful consideration of all the evidence in the case, we can not say that the evidence so preponderates in favor of the appellants that we would, for that reason alone, disturb the finding of the court. The evidence would clearly warrant the finding of the court, and we are perhaps better satisfied with the result than we would have been had the court reached a different conclusion.

It is insisted that the court erred in excluding proper evidence offered by the appellants on the trial.

The appellants offered to prove by Mr. King, a conversation between himself and Mr. Wilson, on the street, about the price of the enlarged work, and the court sustained the objection interposed to that evidence. We think the court ruled correctly in excluding the testimony offered. It is true, that King and Wilson were, or had been, in the employ of the respective parties. The conversation offered as evidence was not had at a time when the agents were transacting any business of their respective principals, so as to make the conversation a part of the *res gestæ*, but it was simply a casual conversation on the streets about the business of their principals.

We are not familiar with any principle of law or rule of evidence that would permit a party to give such conversations as original evidence. It was, at most, a conversation between two agents about the business of their principals, and such conversations are not admissible as testimony, under any known rule of evidence. *Michigan Central R. R. Co.* v. *Gougar*, 55 Ill. 503.

It is again insisted, that the court erred in awarding costs against the appellants, in the court below.

The record discloses that the defendant Hovey suffered a default, and upon executing the writ of inquiry, the court rendered judgment in favor of the appellees for the sum of $222.08. Subsequently, on motion of the appellant Hovey, the court set aside the judgment rendered on the default, upon the condition that the appellants would pay all the costs to that date, and deposit in court the amount of the judgment, and upon the terms imposed, leave was given to plead. A plea was then filed by both of the appellants, and because the appellees only recovered a judgment on the trial for the sum of $160.50, it is now insisted that it was error in the court to tax the appellants with costs. It is insisted that, when the appellees chose to avail of the terms imposed by the court, and to require that the appellants should deposit the amount of the judgment, it became, in law, a tender, and the appellees assumed the risk of proving that they were entitled, on the trial, to recover the full amount by them required to be deposited, and failing to do so, that they would be liable for costs as in case of a refusal to accept a proper tender.

We are not aware of any such rule as that insisted upon by the appellants, and we have not been referred to any adjudged case that holds such a rule of practice. The power of setting aside defaults, as a general rule, is a discretionary power, and the court exercising it may impose upon the party guilty of *laches* such terms as the court deems equitable and just under all the circumstances, and its action will not be reviewed in the appellate court.

The terms imposed in this instance by the court, as a condition upon which the appellants should be allowed to plead to the merits of the action, were not unreasonable.  It was a proper exercise of that discretionary power with which the court is clothed.

We are, therefore, of opinion that there was no error in the finding or rulings of the court, and the judgment must be affirmed.

*Judgment affirmed.*