67　500
27a　128
67　500
133　379
67　500
150　218

## THOMAS PRIMM

### *v.*

## HARRIET N. LEGG.

1. EVIDENCE—*parol to explain consideration in a deed.* The recitals in a deed for land as to the consideration and its payment, are not conclusive upon either party, but are open to explanation, and it is competent to show by parol evidence that the sum named in a deed was not the true amount of the consideration, and that only a part of it was in fact paid, notwithstanding the recital of full payment.

2. SAME—*declarations of party's agent.* The declarations of the plaintiff's agent, made in the absence of the defendant, in respect to the sale

of plaintiff's land to the defendant and the title to lands received in payment, are not competent evidence against the defendant.

3. SALE OR EXCHANGE OF LAND—*right to recover for failure of title.* The owner of land authorized an agent to sell the same for $3000, agreeing that the agent should have all he could get above that sum. The agent sold the same for $3800, and put in a tract of Iowa land, which he claimed, and his principal conveyed with the expressed consideration of $6200, and the title to the Iowa land not proving satisfactory, he brought suit against the purchaser to recover the balance of the $6200 above the $3800 received: *Held,* that so far as the purchaser was concerned, the Iowa land formed no part of the consideration of his purchase, and that he was not liable.

4. SAME—*burden of proof of title.* In a suit to recover for a breach of a contract for the exchange of lands, on the ground that the defendant did not own the land given in exchange, it is incumbent on the plaintiff to prove the breach. The defendant is not bound in the first instance to show title, and thus disprove the alleged breach.

APPEAL from the Circuit Court of Menard county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. N. W. BRANSON, and Mr. E. LANNING, for the appellant.

Messrs. LACEY & WALLACE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration is in assumpsit, and contains only the common money counts and a count for goods and one for land sold. The facts upon which appellee seeks to recover may be briefly stated. She sold and conveyed to appellant a farm, situated in the county of Mason. The consideration recited in the deed as having been paid to her, is $6200. It is claimed that the true consideration was $3000 in money, and a section of land in Iowa, valued at $3200. Appellee, however, insists that appellant had no title to the Iowa land, and seeks to recover its value in this action.

The recitals in the deed are not conclusive on either party. It was competent for appellee to show even by parol, although it was recited the entire consideration had been received by the grantor, that only a part had in fact been paid. In like

manner, it was proper for appellant to prove the $6200 named in the deed was not the true amount of the consideration. The recitals in the deed were open to explanation in this regard. *Booth* v. *Hynes*, 54 Ill. 363, and cases there cited.

The evidence shows most conclusively the sum of $6200 stated in the deed was not the actual consideration for the land conveyed to appellant. It was the amount of money and stock paid, amounting in the aggregate to about $3800, and the section of Iowa land. The better evidence is, the Iowa land was not taken at any certain price, but at whatever it might be worth, whether it was much or little. It seems quite certain appellant never agreed to pay the $3200 to appellee in case the title failed, and without such promise this action could not be maintained.

The land conveyed to appellant was incumbered to about the sum of $2800. Appellee authorized her husband to employ Phrem to make sale of it to raise the money with which to remove the incumbrances. He was authorized to sell it for $3000 if he could do no better.

In the transaction Phrem was undoubtedly the agent of appellee. It was finally agreed the agent should have all he could get above $3000. Phrem had the Iowa land for sale. Appellee did not and never claimed to own it. It was trading property, and if the title was in any one it was in Remington. The Mason county land was sold by Phrem to appellant for about $3800 in money and property. The Iowa land was put in by him, and not by appellant. So far as he was concerned, it constituted no part of the consideration. If there was any misrepresentation as to the title and value of the land, it was by the agent of appellee.

The principal evidence that tends to charge appellant are, the declarations of Phrem. They were made at a time when appellant was not present. He was the agent of appellee, and his declarations were not competent evidence. If Phrem knew of any engagements or undertakings on the part of appellant to make the title to the Iowa land good to appellee,

he was, himself, a competent witness.    His mere declarations were inadmissible for that purpose.    *Mich. Cen. R. R. Co.* v. *Gougar*, 55 Ill. 503.

The second instruction given for appellee was erroneous. The jury were told if the defendant failed to show ownership of the lands in Iowa in question, then they will presume he had no title.    If appellee ·alleged a breach of the contract, it was incumbent on her to prove it before she would be entitled to recover.    It was not primarily the duty of appellant to prove there had been no breach of the contract.

The fifth instruction ought not to have been given.    In the view we have taken, it would tend to mislead the jury on the issues involved.

For the errors indicated the judgment is reversed and the cause remanded.

*Judgment reversed.*