## JOSEPH ASHMORE v. THE PENNSYLVANIA STEAM TOWING AND TRANSPORTATION COMPANY.

1. Statements made by a general agent, in order to be evidence against his principal, must have been made in the course of the business entrusted to him.
2. This rule excludes all statements or narrations of such agent, which, although relating to the business of the principal, were not made in execution of the agency.

In case. On motion for a new trial.

Argued at February Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE, DEPUE and KNAPP.

For the motion, *E. T. Green.*

*Contra, Alfred Reed.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit was for damages caused by the carelessness of the defendant in towing a boat of the plaintiff's. The alleged want of care consisted in running upon a snag, whereby the plaintiff's boat was injured and sunk; and, at the trial, the central fact in dispute was, whether the existence of the snag in question was known to the agent of the defendant. To prove this fact of knowledge, several witnesses testified that the agent in charge of the boats of the defendant, and who is here to be regarded as the general agent in charge of this business of towing, admitted to them that he knew of this snag before the happening of the accident. These conversations, embracing these admissions, were entirely casual, and were not connected with the doing of any act within the scope of the agent's authority. It is now insisted that these conversations were not admissible in evidence.

At the trial, the alternative was between letting in this evidence, or non-suiting the plaintiff; and as some of the books intimate that a distinction exists with respect to the rules of evidence between the statements made by a general agent and those made by a special agent, whereby the former are placed on a broader principle than the latter, it was thought best, though with much misgiving, not to rule out the offered testimony. Favorable to the view thus taken at *Nisi Prius,* is the statement in *note* 239, appended to *Phillips' Evidence,* to the effect that some of the cases put the power of the general agent to make admissions on the same footing as the power of the principal himself. But upon carefully examining the authorities referred to, they do not support this doctrine, except in a very loose sense. I do not find any of them rule the point. And even if any of them maintained such a rule, they ought not to be followed, for such a rule would, as it

JUNE TERM, 1875. 15

Ashmore v. Penna. Steam Towing and Trans. Co.

seems to me, be inconsistent with true policy and correct principle. With regard to the law of evidence, I think there should be no difference, whatever, between the binding effect of the admissions of a general and a special agent. In both cases alike, the rule should be that the admission, to be evidence, was made in pursuance of the power conferred. In this particular there is no difference between the acts and the words of the agent; with respect to the first, he must be authorized to do them; with respect to the latter, he must be authorized to speak them. In each set of instances it is a question of authority. Upon the basis of this rule, then, the authority of the general agent to bind his principal by his statements, would be broader than that of the special agent, in the ratio of the transcendence of the power of the former over that of the latter, but the right of each to speak for his principal would rest on the same ground, that is, his authority to conduct the business confided to him. All statements made in the conduct of such business, are evidence against the principal; all others are inadmissible, because they are unauthorized. By considering the words of the agent in the light of acts—verbal acts—the subject will be cleared of all obscurity, and there will be no more difficulty in deciding when such words are admissible, than there is in concluding what acts of the agent can be proved. When the word or the act is done in pursuance of the agent's duty, it can be proved against the principal, otherwise, not. Upon this ground, I think all the cases can be made to stand. I shall not mention particularly these decisions; many of them will be found upon turning to the note in *Phillips on Evidence*, already referred to, and to *Story on Agency*, § 134, *et seq.* The doctrine is also very clearly stated, and its limits defined, in the latest English case upon the subject, being that of *The Kirkstall Brewery Company* v. *The Furness Railway Company, L. R.*, 9 *Q. B.* 468.

Manifestly, then, the rule thus defined does not embrace statements, declarations, or admissions of the agent, which are not made in the execution of the agency. That they relate

to the business of the agency, is not sufficient; but they must be in performance of it. This test excludes mere narrations and casual conversations, having a reference to, but no effect in the discharge of the delegated duty. For the purpose of illustration : In the case of *Morse* v. *Connecticut River Railroad Company*, 6 *Gray* 450, it was correctly held that, in an action against the corporation for the loss of a trunk, the admissions of the conductor, baggage master, or station master, as to the manner of the loss, made in answer to inquiries of the passenger, the next morning after the loss, are admissible in evidence against the corporation, for the reason, in the words of the court that, " it was part of the duty of those agents to deliver the baggage of passengers, and to account for the same, if missing, provided inquiries for it were made within a reasonable time." While, in the case of *The Michigan Central Railroad Company* v. *Gougar*, 55 *Ill.* 503, it was decided that the declarations of an engineer in charge of an engine, made subsequently to the happening of the accident, at a time when he was not doing any business of the company in relation thereto, could not be received as evidence against the corporation. These two examples place in a clear light the line of demarcation between, in cases of this class, such admissions of the agent as will bind, and such as will not bind the principal, showing, that to make them receivable, they must not only refer to the business of the principal, but must be made in pursuance, and as a part of such business.

Applying this test, the evidence in question in the present instance should have been overruled. It was a statement made by a general agent with respect to the business of his principal ; but it was a mere voluntary statement, made to a person having no interest in the subject to which it referred, and was not in the performance of any part of the duty.

A new trial should be granted.