# GOSS & PHILLIPS MANUFACTURING COMPANY

## v.

## THE PEOPLE EX REL.

1. INCORPORATED COMPANIES—LEVY AND SALE OF SHARES OF STOCK—CERTIFICATE TO PURCHASER.—There is no authority at common law for levying an execution upon the interest of a shareholder in the capital stock of a corporation. The proceeding is wholly statutory, and the course pointed out by the statute must be strictly pursued.

2. CONSTRUING STATUTES.—A statute which is introductive of a new law, and requires a thing to be done in a particular manner, though containing no negative, impliedly prohibits that thing from being done in any other manner.

3. ATTESTED COPY OF EXECUTION TO BE LEFT WITH CLERK, ETC.—To constitute a lawful seizure, the statute requires that the officer having the execution shall leave an attested copy thereof with the clerk, treasurer or cashier of the company, if there be any such officer, but if there be neither, then he shall leave such copy with any officer or person having custody of

Goss & Phillips Mfg. Co. v. The People.

the books and papers of the corporation, and the return of the officer should show that these pre-requisites have been complied with.

4. WHAT IS MEANT BY ATTESTED COPY.—The word "attested" when used with reference to judicial writings or copies thereof, means an authentication by the clerk of the court, so as to make them receivable in evidence, and this is the meaning intended by the statute above mentioned.

5. EXECUTION AND RETURN AS EVIDENCE —The return of the sheriff not showing that an attested copy of the execution was left with any of the persons mentioned in the statute, and there being nothing to show that the copy left was authenticated or attested as required by law, it was wholly defective and insufficient to show title in the relator, and hence was not competent to be received in evidence.

6. PRACTICE — EXCEPTION TO IMPROPER EVIDENCE.—An exception to the admission of improper evidence, especially where the judgment is wholly unsupported by the evidence, can be availed of without the bill of exceptions showing that a motion for new trial was made.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.    Opinion filed November 5, 1879.

Mr. S. M. MILLARD, for appellants; that stock may be transferred by endorsement and transfer of the certificate, without transfer upon the books, but always subject to the liens of the company, cited Kellogg v. Stockwell, 75 Ill. 68; People v. Elmore, 35 Cal. 655; McNeil v. Tenth Nat. Bank, 46 N. Y. 325.

Transfers of stock not entered upon the books of the company, are valid except against subsequent purchasers in good faith: Weston v. Bear River, etc., Co. 5 Cal. 186; Naglee v. Pacific Wharf Co. 20 Cal. 529; People v. Elmore, 35 Cal. 655; Marlborough Co. v. Smith, 2 Conn. 579; Shipman v. Ætna Ins. Co. 29 Conn. 245.

Shares of stock are subjects of sale, mortgage or pledge, and are to be treated as personal property: Weaver v. Barden, 3 Lans. 339.

The policy of the law forbids the retention by the vendor, of personal property when sold: Colt v. Ives, 31 Conn. 25; Johnson v. Holloway, 82 Ill. 334.

Possession may be symbolical, in cases of negotiable paper or shares of stock: Bank of America v. McNeil, 10 Bush, 55.

A creditor does not become a purchaser by judgment or levy;

his lien is subject to every claim that could be maintained against the defendant in judgment: 2 Lead. Cas. in Eq. 89; Field et al v. Stearns, 42 Vt. 106; Campbell v. Whitson, 68 Ill. 240; Schweizer v. Tracy, 76 Ill. 345.

The share or interest of a stockholder may be taken in execution: Hurd's Stat. 1874, 628, § 52.

And the execution creditor can take only such interest as the shareholder has: United States v. Vaughan, 3 Binn. 394.

Stock is only liable for debts of the real owner, and when held in the name of another cannot be attached: Commonwealth v. Walmouth, 6 Whar. 138; Conant v. Seneca Bank, 1 Ohio St. 298; Westoby v. Day, 75 Eng. Com. L. 603.

Delivery of the certificate, with power of attorney to transfer, passes the entire title: Bank of Utica v. Smalley, 2 Cow. 770; Com. Bank v. Kortright, 22 Wend. 362; McNeil v. Tenth Nat. Bank, 46 N. Y. 325; Isham v. Buckingham, 49 N. Y. 217; Hill v. Newichawanick & Co. 18 How. Pr. 427; Comean v. Guild Farm Oil Co. 3 Daly, 219; Mt. Holly, etc., Co. v. Ferree, 2 C. E. Greene Ch. 117; Rogers v. N. J. Ins. Co. 4 Halst. Ch. 167; Ross v. Southwestern R. R. Co. 53 Ga. 515.

Such an assignment is a symbolical delivery, which the corporation will be bound to notice: Bank of America v. McNeil, 10 Bush, 55; Bruce v. Smith, 44 Ind. 1.

The purchaser is not bound to look beyond the certificate or examine the books to ascertain the validity of the transfer: Lowry v. Com. etc. Bank, Taney, C. C. 310.

Mandamus is in the nature of a chancery proceeding: Moses on Mandamus, 17.

Granting the writ is discretionary: People v. Salomon, 51 Ill. 38.

The levy could only be made in conformity with the statute: Titcomb v. Union Marine Ins. Co. 8 Mass. 334; Howe v. Starkweather, 17 Mass. 240; James v. Pontiac, etc. R. R. Co. 8 Mich. 91; Benson v. Smith, 42 Me. 424; Mack v. Brown, 73 Ill. 295; Cairo & Vin. R. R. Co. v. Joiner, 72 Ill. 520; Ball v. Shattuck, 16 Ill. 299.

An attested copy of the execution should have been left with the clerk or other officer:   Hurd's Stat. Ch. 77, § 53.

Not until after such copy has been left can the property be seized: Hurd's Stat. Ch. 77, § 53; Titcomb v. Ins. Co. 8 Mass. 326.

Mr. W. T. BURGESS, for appellee; that when a certificate of the stock held by the defendant is handed to the sheriff, and he gives the clerk a copy of the execution, the levy is complete, cited Nayler v. Pacific Wharf Co. 20 Cal. 529; Shipman v. Ætna Ins. Co. 29 Conn. 245; Skowegan Bank v. Cutler, 49 Me. 317; Pinkerton v. Railroad, 42 N. H. 424.

Until a transfer has been recorded or entered for record, there is no such change of possession as will prevail against an attaching creditor: Fisher v. Essex Bank, 5 Gray, 373:

As to the issue of fact, no motion was made in the court below for a new trial, and that cannot be considered by this court: Seibel v. Vaughan, 69 Ill. 257; Bills v. Stanton, 69 Ill. 51.

Clerk, as an officer, is synonymous with secretary: Bouv. Law Dic. title, " Clerk."

McALLISTER, J.   This was a proceeding by mandamus to compel an incorporated company to issue to relator, John R. Adams, a certificate for fifty shares of the stock of such company, he claiming to be entitled thereto, because one George E. Church was a stockholder, owning such shares, and relator having a judgment against him in the Superior Court of Cook County for $494.02, caused execution to be issued and levied thereon by the sheriff, who sold said shares thereunder, at which sale the relator became the purchaser.

The question for decision is, the validity of the levy and sale through which relator claims title.

There is no authority at common law for levying an execution upon that peculiar kind of property—the interest of a stockholder in the capital stock of a corporation.   The proceeding is wholly statutory.   Section 52, R. S. 1874, p. 628, declares:   "The share or interest of a stockholder in any corporation may be taken on execution and sold as hereinafter provided."   By section 53 it is provided:   " If the property has

not been attached in the same suit, the officer shall leave an attested copy of the execution with the clerk, treasurer or cashier of the company, if there is any such officer, otherwise, with any officer or person having the custody of the books and papers of the corporation; and the property shall be considered as seized on execution when the copy is so left, and shall be sold in like manner as goods and chattels."

This statute is introductive of a new law, and requires a thing to be done in a certain manner. Though affirmative and containing no negative words, yet, by a familiar rule of law, such a statute will be regarded as impliedly prohibiting that thing from being done in any other manner. "It is, as a maxim, generally true that if an affirmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even though there are no negative words, be done in any other manner." Potter's Dwarris on Statutes, 73.

It cannot be said that the manner defined is directory merely; the language is mandatory: "The officer shall leave an attested copy of the execution with the clerk, treasurer or cashier of the company, if there is any such officer."

The sheriff's return to the execution, which was offered in evidence on behalf of relator and admitted, against the objections of respondents below, says that by virtue of the annexed execution, etc., "I did, on the 17th day of January, 1877, levy upon all the right, title and interest of the within named defendant in and to the following described property, to wit: fifty shares of stock in the Goss & Phillips Manufacturing Company, for which certificates Nos. 50, 54, 55, 56 and 57, were issued to him, each for ten (10) shares, and dated the 8th day of May, A. D. 1871, and of which Charles L. Jenks, secretary of said corporation, and who keeps the records thereof, on exhibiting to him said execution, and delivering to him a true copy thereof, on the 17th day of January, A. D. 1877, gave me, at my request, the certificate signed by him and hereto attached, and made part of this return."

Unquestionably, a lawful seizure of the property by the officer, was indispensable to a lawful sale of it, which would operate to divest the owner and vest title in the purchaser. To

Goss & Phillips Mfg. Co. v. The People.

constitute a lawful seizure, the pre-requisites of the statute must be complied with, and shown by the officer's return. Those pre-requisites are, after having a writ regular on its face, that the officer shall leave an attested copy of the execution with the clerk, treasurer or cashier of the company, if there be any such officer; but if there be neither, then he shall leave such attested copy with any officer or person having the custody of the books and papers of the corporation. This being done, the property shall be considered as seized on execution, and shall be sold like goods and chattels.

The return of the sheriff, without mentioning the clerk, treasurer or the cashier, or the leaving of a copy of the execution, whether attested or otherwise, with anybody, merely states the exhibiting and delivering a true copy of it to Charles L. Jenks, the secretary of the corporation, who keeps the records thereof. This return is wholly insufficient, and should have been excluded from the evidence.

What is to be understood by the words "attested copy of the execution?" What is to be the character of the attestation, and by whom made? It was evidently intended that the copy should be in some degree authenticated, and that the attestation should be an act of authentication. Neither the sheriff nor the attorney of the plaintiff in the writ, could authenticate, or do any act of their own tending to an authentication of the copy. The word "attested," when used with reference to judicial writings, or copies thereof, as copies of records or judical process, seems to have a legal meaning, which is an authentication by the clerk of the court so as to make them receivable in evidence. Ladd v. Blunt, 4 Mass. 402; Jenkins v. Kinsley, Coleman & Caines, Cas. 136; Pepoon v. Jenkins, 2 Johnson's Cas. 119; Vance v. Reardon, 2 Nott & McCord, 299.

But if the word "attested" is to be considered in the sense of "authenticated," as we are inclined to think it is in this instance, then the clerk of the court whence the writ emanated is, from necessity, the one who it was intended should make the authentication, because no one else could without the authority being expressly conferred.

In this case, however, there was no authentication or

attestation by anybody. There was a statement on the back that it was a copy, but not signed by any one.

The return of the sheriff being wholly defective, and insufficient to show title in relator, it was error to admit it in evidence against respondent's objections. Nor does the testimony of Burgess as to the declarations of Jenks help the case. Jenks was in the performance of no act at the time, and his declarations are mere hearsay evidence. Linblom v. Ramsey, 75 Ill. 246; Michigan Cent. R. R. v. Gougar, 55 Ill. 503. The exception to the admission of improper evidence can be availed of, especially where the judgment is wholly unsupported by the evidence, as it is here, without the bill of exceptions showing a motion for new trial was made.

The judgment will be reversed and cause remanded.