## Henry L. Davis, Appellee, v. Thornton W. Gwinn, Appellant.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

2. EVIDENCE—*what not part of res gestæ.* Declarations of an employee not made while in the performance of duty, though in the presence of the principal, are not part of the *res gestæ* and are not binding as admissions against such principal.

3. APPEALS AND ERRORS—*when incompetency of evidence cannot be urged.* Notwithstanding evidence may be incompetent its incompetency cannot be relied upon as ground for reversal if objection thereto was not made predicated upon the proper ground of incompetency and if the same was so far as the real ground of incompetency was concerned treated as properly received.

4. INSTRUCTIONS—*when failure to refer to proximate cause of injury not erroneous.* An instruction given at the instance of the plaintiff in an action for personal injuries which does not purport to direct a verdict is not erroneous in not containing reference to the doctrine of proximate cause.

5. INSTRUCTIONS—*when refusal of court will not reverse.* It is not error to refuse a correct instruction if its substance is substantially contained in other instructions given.

Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

JAMES W. & EDWARD C. CRAIG, for appellant; H. A. NEAL and JOHN H. CHADWICK, of counsel.

A. J. FRYER and LYMAN T. YEARGIN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages occasioned by the alleged negligence of a servant of ap-

pellant, whereby a horse belonging to appellee became sick and died. A trial by jury in the circuit court of Coles county resulted in a verdict and judgment against appellant for $160 to reverse which judgment he prosecutes this appeal.

The case was submitted to the jury upon the original second count and the first, second and third amended counts of the declaration. The original second count alleges the purchase by appellee from appellant of one bushel of corn to be delivered at a certain place on appellee's premises where the horse of appellee then on said premises would not have access to said corn, and that appellant negligently delivered and placed said corn at a different place on said premises where the said horse had access to said corn and did thereby, without the fault of appellee, eat large quantities of said corn, whereby he became sick and died. The first amended count alleges that while the horse was in a certain lot or enclosure, a servant of appellant negligently delivered and placed a bushel of corn therein, so that the said horse had access thereto and did eat the same, etc. The second amended count alleges that appellee had a certain crib or bin used for the purpose of storing corn and feed for said horse, and that appellee purchased from appellant one bushel of corn to be placed and delivered in said crib or bin; that said servant of appellant neglected to deliver and place said corn in said crib or bin but negligently and contrary to the direction of appellee delivered and placed said corn in another and different place where said horse could and did have access thereto, etc. The third amended count is substantially like the first amended count. Each of said counts alleges knowledge on the part of appellant of the presence of appellee's horse on the premises, and that the corn was delivered at a place where said horse would have access thereto.

Shortly before 12 o'clock noon on Friday, January 7, 1910, appellee, a physician, ordered from appellant by telephone one bushel of corn to be delivered at appellee's stable. The horse in question was then running in an enclosure adjoining the stable. At about one o'clock in the afternoon of the same day, when appellee went to the stable for the purpose

of feeding his horse he found the horse in the lot eating corn from an open sack on the ground. The jury were fully warranted in finding that the corn then eaten by the horse produced his death, and that appellee took proper care of the horse and used the ordinary means to effect a cure of the ailment with which the horse was afflicted. The evidence bearing upon the other issues of fact in the case is sharply conflicting.

Appellee testified that when he ordered the corn he directed Dunbar, the agent of appellant, to put the same in the southwest corner of the buggy shed, where he had put it on previous occasions; that Dunbar had delivered corn at his premises on seven or eight occasions prior to the time in question and that he had frequently cautioned him where to put the corn so that the horse would not have access to it. Dunbar testified that he delivered the corn in a new burlap sack, which was securely tied, and placed it on the floor in the buggy shed between the shafts of a standing buggy, and that he gained access to the buggy shed through a small hinged door which formed a part of a large sliding door; that after he put the corn in the shed the horse ran to the shed and put his head and shoulders through the small door in an attempt to reach the corn; that he drove the horse back out of the shed and removed the corn to a place in the shed seven or eight feet back from the door, where the horse could not reach it without going into the shed, and then closed the door by shutting it tight; that appellee had told him to put it in the west part of the shed where the horse could not reach it. The further evidence in the case tends to show that the small door was not of sufficient size to permit the horse to enter the shed, and that if the corn had been placed in the shed a distance of seven or eight feet from the door the horse would have been unable to reach it; that the floor of the shed which was covered with small particles of hay and chaff which had sifted through from the loft above, did not show any indication that the horse had been in the shed, or that the sack of corn had been dragged upon the floor through the door. We cannot escape the conclusion from a careful consideration of the

competent evidence in the case that the jury were warranted in finding that Dunbar negligently ignored the direction by appellee with reference to placing the corn in the shed, and that he heedlessly or negligently placed it upon the ground, or just within the door of the shed. The delivery of the corn was made at about the noon hour and it is not improbable that in his haste to finish his one-half day's work Dunbar was heedless and negligent in the respect indicated.

It is urged that the court improperly permitted the appellee and the witness Kincaid and Swinford to testify to a conversation between appellee and Dunbar, claimed to have been had in appellant's grist-mill in the presence of appellant, or while he was in and about there, shortly after the death of the horse, in substance as follows: That in reply to a question by appellee as to where he put the corn, Dunbar said he didn't put the corn where appellee had told him to, or where he had been putting it; that he knew appellee had frequently cautioned him about where to put the corn, but he put it between the shafts of the buggy far enough back so that he thought the horse couldn't get to it. The alleged declarations of Dunbar constituted no part of the *res gestæ* and were wholly incompetent and improper and should have been excluded. Mich. Cent. R. R. Co. v. Gougar, 55 Ill. 503; Gould v. Aurora, Elgin & Chicago Ry. Co., 141 Ill. App. 344; Lowden v. Wilson, 233 Ill. 340. No objection was interposed to the narration by the witness Swinford of such conversation, and the record discloses that when appellee and the witness Kincaid were interrogated with reference thereto the trial court considered the subject-matter of the inquiry to be competent if the conversation was had in the presence of appellant, or within his hearing, and that counsel for appellant adopted the view of the court by their motion to exclude the evidence relating to said conversation upon the ground that it did not appear that appellant heard the conversation; counsel then making the statement, "It is only competent on the theory that he (appellant) possibly heard it." Furthermore, it appears that appellant procured an instruction to be given to the jury whereby they were informed

in substance that the evidence as to said conversation was only admitted upon the claim that it was in the presence and hearing of appellant, and unless they believed from the evidence that such conversation was heard by appellant they should disregard it altogether; that no statement made by Dunbar at a time subsequent to the delivery of the corn and not in the presence of appellant could bind appellant. Upon this record appellant is precluded from raising the question of the competency for any purpose of the evidence referred to.

The first instruction given at the instance of appellee does not purport to direct a verdict and the omission in said instruction of any reference to the doctrine of proximate cause could not have operated to the prejudice of appellant.

The fourth instruction tendered by appellant was modified by the court to conform with the allegation in the declaration that appellant failed to place the corn where directed. The latter phrase of the instruction as offered and given sufficiently submits to the jury the question whether or not a failure to place the corn where directed was negligence.

The instructions tendered by appellant and refused by the court, in so far as they correctly stated the law applicable to the case were covered by other instructions given by the court, and were not improperly refused.

There is no substantial error in the record of which appellant can properly complain and the judgment will be affirmed.

*Affirmed.*