**John U. Metzger, v. Charles F. Emmel and Belle F. Emmel, Appellants.    Lisetta Springer, Appellee.**

1. MORTGAGES, § 586*—*when agreement between vendor and purchaser that land retained by vendor be first sold at foreclosure sale shown.* Evidence *held* sufficient to show an agreement between the seller of land and purchasers whereby a tract retained by the seller, which, with the land sold, was covered by the same mortgage, should be first subjected to sale in satisfaction of the mortgage, in the event of foreclosure, before resorting to the land sold.

2. EVIDENCE, § 333*—*when true consideration for sale of land may be shown.* The true consideration for a conveyance of real estate may be shown, even though the oral testimony may show a different consideration from that expressed in the deed.

3. MORTGAGES, § 587*—*when doctrine of marshaling of assets should be applied.* The doctrine of marshaling of assets should be applied where the first mortgage covers three tracts of realty and the second mortgage covers only two of the tracts, and the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

holder of the first mortgage should be required to first exhaust the security which he holds that the second mortgagee has no lien upon.

Appeal from the Circuit Court of Fayette county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed November 1, 1918.

F. M. GUINN, for appellants.

JOHN H. WEBB, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

John U. Metzger filed a bill in chancery to foreclose a mortgage executed by appellants Charles F. Emmel and Belle F. Emmel, his wife, conveying to G. T. Turner three separate pieces of property in Fayette county, Illinois, which for brevity are hereafter referred to as follows: Tract 1, "The Home Place" consisting of two lots in Vandalia, Illinois, occupied by the Emmels as their home. Tract 2, "The Vera Farm" near Vera, Illinois, of about 80 acres. Tract 3, "The Camp Farm," on Hickory creek, of about 80 acres.

This mortgage was given by the Emmels to secure their note payable to Turner for $6,125, with 6 per cent interest. The note was duly assigned to Metzger and matured April 28, 1915.

Appellants Charles F. Emmel and Belle F. Emmel, his wife, in their answer admitted the execution of the note and mortgage and alleged that at the time of the execution of the same, and from thence until the hearing of this cause, they occupied said "Home Place" as their homestead; that on March 14, 1917, they conveyed to appellee, Lisetta Springer, tracts 2 and 3, subject to said mortgage indebtedness, and asked that upon a decree of foreclosure being granted that the lands conveyed by them to appellee be first offered for sale and sold, and that the "Home Place" be not

sold, until the proceeds of the sale of the land conveyed to defendant, Lisetta Springer, has been applied on said mortgage indebtedness.

Appellee by her answer admits Metzger's right to a decree of foreclosure and that she is the owner of tracts 2 and 3, acquired from the Emmels as aforesaid, and alleged that by agreement with Charles F. Emmel, and in equity as between herself and appellants Emmels, tract 1, "The Home Place," should, in case of foreclosure and sale, be sold first.

Upon a hearing had, the chancellor entered a decree of foreclosure finding the equities as between appellants and appellee to be in favor of appellee, and decreeing that the "Home Place" or "Homestead" of appellants be sold first, from which decree this appeal is taken.

It appears from the evidence that Fred Emmel, father of appellant, Charles F. Emmel, had for a number of years prior to his death acted as an agent for appellee in loaning her money; that Charles F. Emmel, appellant, had aided his father in his loan business and had taken a great many loans in his own name; that said Fred Emmel and appellant, Charles F. Emmel, had on various pretexts obtained the mortgage securities of appellee to the value of about $10,000 and in their place had delivered to her negotiable papers alleged to be forgeries and worthless.

Shortly after the death of the said Fred Emmel, negotiations were entered into whereby appellants Charles F. Emmel with Belle F. Emmel, his wife, deeded to appellee tracts 2 and 3, above described. This deed contained the following clause: "The above last three described tracts being subject to $6125 mortgage given to G. T. Turner."

No question was raised as to Metzger's right to a foreclosure. Appellants contend that by reason of the clause in the deed to Lisetta Springer to the effect that the conveyance to her was subject to said mort-

gage for $6,125, that therefore the rule in regard to the inverse order of alienation does not apply, and in support thereof cites *Monarch Coal & Mining Co. v. Hand,* 197 Ill. 288, and *Briscoe v. Power,* 47 Ill. 447. These cases hold that where a mortgagor makes a conveyance of mortgaged property owned by him to a third person subject to said mortgage indebtedness, that in such case the grantee in the deed has notice of the mortgage indebtedness and takes the property subject thereto, and on a foreclosure of said mortgage the grantee is not entitled to have a decree subjecting lands, covered by said mortgage and not conveyed, sold prior to the sale of the lands conveyed. In this case, however, the evidence tended to prove and the court found, in its decree, that it was the mutual agreement or understanding between appellee, Lisetta Springer, represented by her attorney, and said Charles F. Emmel, that the "Home Place" being retained by Emmel should be subjected to sale in satisfaction of said mortgage in order to protect appellee, Lisetta Springer, in her security, the evidence being to the effect that Matheny, who represented Mrs. Springer, did not want to take said premises subject to a mortgage indebtedness for the reason that it would jeopardize Mrs. Springer's security, and that Charles F. Emmel stated to him that the "Home Place" and one of the eighties conveyed to Mrs. Springer would satisfy the mortgage indebtedness leaving the other eighty free and clear therefrom.

The record further discloses that some computations were made with reference to the value of the land being conveyed to Mrs. Springer, and that in making these computations the land was figured at its value without reference to the mortgage. In other words, the land free of the mortgage was figured and not the value of the equity subject to the mortgage. We think, therefore, that the evidence in the record was sufficient to warrant the court in finding that it was

the mutual agreement and understanding between appellee, Lisetta Springer, represented by her attorney, Mr. Matheny, and Charles F. Emmel, that the "Home Place" retained by Charles F. Emmel should be first made subject to sale in satisfaction of the said mortgage indebtedness. Appellant further contends that to so hold would be in violation of the language used in the deed. In other words, that it would be a varying of the terms of a written instrument by oral testimony. We think, however, that the holding of the trial court would not amount to the varying of the terms of a written instrument. The court heard evidence touching the consideration for which the conveyance was made, and this has always been held to be allowable. The true consideration for the conveyance of real estate may be shown even though the oral testimony may show a different consideration from that expressed in the deed. *Union Mut. Life Ins. Co. v. Kirchoff,* 133 Ill. 368; *Primm v. Legg,* 67 Ill. 500; *Booth v. Hynes,* 54 Ill. 363; *Worrell v. Forsyth,* 141 Ill. 22.

In *Union Mut. Life Ins. Co. v. Kirchoff, supra,* at page 379, the court says: "The quitclaim deed from the Kirchoffs to the company, dated September 4, 1879, contains the following clause: 'This conveyance is given and accepted in satisfaction of certain indebtedness of the said Julius Kirchoff and Elizabeth Kirchoff, secured by a trust deed on said premises, given by the said Julius Kirchoff, and Elizabeth Kirchoff, his wife, and Angela Diversey, to Levi D. Boone, trustee, dated the 8th day of May, in the year 1871.' And it is claimed that complainant is estopped by this clause in the deed from setting up the agreement to redeem. The consideration named in a deed has never been regarded as conclusive on the parties to the instrument. Parol evidence is not admissible to vary or contradict the terms of a deed or other written contract, yet such evidence may be introduced to show

the true consideration of a deed, although it may be different from that named in the instrument. (*Booth v. Hynes,* 54 Ill. 363; *Primm v. Legg,* 67 Ill. 500.) The clause referred to is a mere recitation that the consideration for the deed was a certain thing, which could not be conclusive, and if not conclusive it could not work an estoppel. * * * The substance of this agreement was, that complainant was to have the two lots in question, notwithstanding her deed of September, 1879, and notwithstanding the decree of foreclosure, and sale thereunder, upon the payment of $1,000, and the execution of her notes, secured by a mortgage on the premises, for the balance.''

The Supreme Court in the foregoing case held that the agreement above set forth might be shown by parol, notwithstanding the deed there under consideration recited that the same was made in consideration of the settlement of certain indebtedness. We hold, therefore, that the court did not err in allowing appellee to show that a part of the consideration for the conveyance to Lisetta Springer in effect was that the ''Home Place'' retained by Emmel and which was also subject to said mortgage indebtedness should be sold prior to the sale of the real estate conveyed to Mrs. Springer.

It is practically conceded by counsel representing the different parties to this proceeding that the sole object to be obtained in the conveyance to appellee, Lisetta Springer, was to make her secure for the amount owing to her from appellant, Charles F. Emmel, and the estate of his deceased father. The record discloses that it was agreed between Charles F. Emmel and Matheny, representing Mrs. Springer, that appellant Emmel was to have one year in which to sell said premises so conveyed to Mrs. Springer, and in the event that the premises sold for more than enough to satisfy the amount due Mrs. Springer, appellant Charles F. Emmel was to have the excess. If,

therefore, the deed to appellee, Lisetta Springer, was in fact a mortgage, then the doctrine of the marshaling of assets should apply. John U. Metzger, the holder of the mortgage sought to be foreclosed, has as security for the amount covered by said mortgage not only the premises conveyed to appellee, Lisetta Springer, but also the "Home Place" retained by Charles F. Emmel, whereas Lisetta Springer was limited in her security to the two tracts of land conveyed to her. The court, therefore, would be warranted in requiring Metzger to first exhaust the security which he held and on which Lisetta Springer had no lien. In other words, Lisetta Springer was entitled to a decree requiring the sale of the "Home Place" in satisfaction of said mortgage held by Metzger before the sale of the premises conveyed to her, as security as aforesaid.

Counsel for appellants at the bottom of page 2 of his brief says: "Then negotiations took place between appellee's attorneys and appellant, who was not then represented by counsel. As a result it was arranged that appellant would convey to appellee certain real estate in satisfaction of said indebtedness, or rather to secure said indebtedness. Appellee's counsel agreeing that he would give appellants a contract, by which they could dispose of said lands so conveyed at private sale at any time during one year." On the theory that the deed to appellee, Lisetta Springer, was in the nature of a mortgage, the court was warranted in rendering a decree, subjecting the "Home Place" held by appellant Charles F. Emmel to sale prior to the sale of the premises on which appellee, Lisetta Springer, held the conveyance as aforesaid.

It is also contended by appellants that the court erred in finding that the scrivener who drew the deed from appellants Charles F. Emmel and wife to appellee, Lisetta Springer, by mutual mistake inserted the clause to the effect that said conveyance was made sub-

ject to said mortgage indebtedness. Matheny, attorney for appellee, Lisetta Springer, testified that he drew the deed and that he put said clause in said deed for the reason that he knew that said premises were subject to a mortgage, but that so far as he knew he did not put this clause in at any one's request. Whether or not the evidence is sufficient to substantiate the finding made by the court is immaterial in view of what we have already said. We are satisfied that on this record the decree rendered by the trial court is in keeping with the equities of the case, and does substantial justice between the parties interested.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*