EDWARD F. PULSIFER

*v.*

THOMAS W. SHEPARD

36  513
86a 670

1. BAILEE OF PROPERTY FOR SALE — *his liability.* Where a party receives a lot of corn from another, under an agreement to ship the same to a designated place, and there to sell it whenever directed so to do by the owner, a failure on the part of the bailee to sell when so directed, will render him liable to the owner for any loss thereby incurred, whether it results from the corn becoming damaged by the delay or from being afterwards sold upon a lower market.

2. CONSTRUCTION *of such a contract of bailment.* Unless restrained by stipulation in the contract, the owner of the corn would have the right to order it to be sold at any time after it reached the point to which it was to be shipped.

3. TENDER — *must be kept good.* A tender, to be available, must be kept good.

4. SAME — *other requisites.* Nor is a tender good, unless it be of a specific amount, and made without annexing any terms or conditions.

5. BURTHEN OF PROOF — *under plea of tender.* Under a plea of tender the burthen of proof is upon the party pleading it

APPEAL from the Circuit Court of Putnam county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was an action of assumpsit, instituted in the court below by Thomas W. Shepard against Edward F. Pulsifer. The alleged cause of action, as set forth in the declaration, is as follows: On the 28th day of September, 1861, the plaintiff delivered to the defendant, at Hennepin, in the county of Putnam, two thousand five hundred and fifty-nine and two fifty-sixths bushels of shelled corn, in order that the defendant might ship the same from Hennepin to Chicago, and there sell and dispose of the same when he should be directed so to do by the plaintiff, for a commission; that the defendant received the corn and undertook so to ship, sell and dispose of it, and account for the proceeds; that he did ship the same to Chicago, and on the second day of June, 1862, was directed by the plaintiff to make immediate sale of the corn, which he neglected and refused to do, but kept the same in store until the 27th of September following, when he sold it.

The plaintiff alleges that by reason of the defendant keeping the corn in store after he was directed to sell the same, it became greatly damaged, and in consequence of being so damaged, as well as by the decline in the market, the corn sold for a considerably less amount in September than it would have brought if it had been sold in June as the plaintiff had directed. He alleges that the defendant has failed to account for the proceeds of the sale, and he seeks also to recover for the loss occasioned by the delay in selling, which resulted in damage to the corn, and its being sold upon a low market.

The defendant pleaded the general issue and a tender as to $100, of the plaintiff's demand, and a set-off as to the residue, and issues were formed upon these pleas.

The evidence was conflicting, but seemed to preponderate in support of the plaintiff's allegations.

The testimony in reference to the alleged tender, shows that on the 11th of March, 1863, before this suit was brought, plaintiff came into defendant's store and paid defendant some

money which he was owing to him. The plaintiff then turned about and was leaving the store, by the way of the front door. Defendant stood by the safe, about eight feet from him, and said to plaintiff: "I want to settle with you and pay you what is due you for that corn." Defendant had at the time a $100 United States treasury note in his hand. Plaintiff turned around facing defendant, and saw the money. Defendant had the note in his hand in plain sight, and plaintiff might have seen it if he wished. Plaintiff made no reply, but turned and left the store.

The court instructed the jury on behalf of the plaintiff as follows:

"*First.* That if they believed, from the evidence, that the plaintiff delivered the corn ($2,559\frac{2}{56}$ bushels) to defendant, to be by him shipped from Hennepin to Chicago, to be there sold by defendant, and the sale to be accounted for, as alleged in the declaration, and that the defendant 'failed to comply with the contract, the plaintiff was entitled to all damages which he might appear to have sustained by reason of such failure.

"*Second.* That the plaintiff, unless restrained by stipulation in the contract, had the right to order the corn to be sold at any time after it arrived in Chicago.

"*Third.* That the burden of proof as to tender was on the defendant.

"*Fourth.* That a tender to be good must be of a specific sum of money actually tendered. That it was not enough to produce an amount of money, and request a settlement, and say to the party to receive the money, that the party having it, wanted to pay him; and this would not amount to a tender without offering to pay the money produced.

"*Fifth.* That, under the contract sued on, defendant was bound to account for the amount for which the corn was sold, after deducting the proper expenses and charges, and also for the damages (if any) accruing to plaintiff in consequence of defendant wrongfully refusing or neglecting to sell the corn, if there was any wrongful refusal or neglect."

The fifth instruction being modified as follows :

"Unless plaintiff afterwards assented to such refusal or neglect to sell, and assented to receive whatever might be realized by the defendant from such grain after giving such assent, and if plaintiff gave such assent, he could not go back and claim damages of the defendant for such alleged neglect or refusal."

The jury found for the plaintiff, assessing his damages at $265.74. The defendant entered a motion for a new trial, which was denied, and he thereupon entered a motion in arrest of judgment, which motion was overruled, defendant excepting, and judgment was then rendered on the verdict ; whereupon the defendant took this appeal.

And he now assigns for error, that the Circuit Court erred in giving the instructions respectively given on the part of the plaintiff below.

Also in overruling the motion for a new trial, and the motion in arrest of judgment, respectively.

That the verdict and judgment, respectively, were excessive, and unsupported by proof.

That the judgment ought to have been for the defendant instead of for the plaintiff.

Messrs. Arrington & Dent, for the Appellant.

Messrs. Bangs & Shaw, for the Appellee.

Mr. Chief Justice Walker delivered the opinion of the Court :

It is insisted that the instructions given on behalf of appellee were erroneous. They state the law correctly, so far as it is applicable to the evidence in the cause, and were not calculated to mislead the jury. If appellant received the corn, to be shipped to Chicago, to be sold there, and he was to account for the proceeds of the sale, and the evidence showed that he had failed to account, there could be no doubt of his liability.

And it is equally true, that unless the agreement restrained appellee, he had the right to order it to be sold at any time, and appellant, as his bailee, would have been bound to use every reasonable effort to comply with the order, and a neglect by appellant to have the sale made, would render him liable. If he agreed to ship the corn and have it sold, it would be implied that, in doing so, he would be governed by the directions of the owner. If a tender was made, it devolved upon appellant to prove the fact, and if he failed in his evidence, he should fail in that defense. And a tender, to be available, must be kept good. Nor is it sufficient unless it is of a specific amount, and offered to be paid without annexing any terms or conditions.

Again, the appellant, when he sold appellee's corn, was bound to account to him for the proceeds, after deducting reasonable charges. And if he wrongfully neglected and refused to sell the corn, and appellee thereby sustained loss, he would be liable for his neglect of duty, unless the same was afterwards ratified or approved by appellee. These principles were announced in the instructions and were based upon evidence that warranted them. There was some conflict in the evidence, but there was testimony which tended to sustain the propositions contained in these instructions, and it was the province of the jury to reconcile the evidence if that could be done, and if not, then to give weight to such as they believed worthy of credit. Nor can we say that the verdict is against the weight of the evidence, as it tended strongly to prove the issues found by the jury. In the light of the evidence, the damages are not excessive. We are satisfied that all of the questions were fairly presented, and the verdict is sustained by the evidence. The judgment of the court is therefore affirmed.

*Judgment affirmed.*