# JOEL JENKS *et al.*

## *v.*

# BRADLEY BURR.

1. EVIDENCE — *declarations of an agent.* Before the declarations of an agent can ever be admitted as evidence, it must appear that, at the very time of making them, he was transacting or doing something about the business of his principal, so that his acts and declarations become and form, of themselves, a part of the *res gestæ.* Under such circumstances the acts and declarations of the agent may be proved, as any other affirmative fact in the case, but not otherwise.

2. If a fact rests in the knowledge of the agent, which is material to the issues between the parties, the party desiring such testimony must call the agent himself as a witness.

3. A being indebted to B, there being a controversy as to the amount actually due, offered the sum of $300 in full satisfaction of the debt, which B refused to accept on those terms, but was willing to receive it and credit the same on their general account. Thereupon A informed B that he would deposit $300 in bank where he could get the same whenever he concluded to take it in full payment and discharge of his entire claim, which he soon afterward did, in accordance with his proposition, subject to the order of B, who drew the money out of the bank to his own use: *Held,* in an action by B against A, to recover the balance of his claim, on the question whether he received the money in full discharge and satisfaction thereof, or whether he received it only as a partial payment on his account, that the testimony of the plaintiff as to a conversation he had with the banker, on the street, before he drew the money, in substance that, on asking the banker whether the money had been deposited to his credit, he replied it had, and in answer to the question whether there were any conditions attached to it, that there were not, was inadmissible. Admitting the banker was the agent of the defendant for the purpose of paying out the money, still his declarations at the time specified, and under the circumstances, were inadmissible as original evidence.

4. TENDER — *whether a bar.* And an instruction, which, in substance, directed the jury, that if defendant tendered to the plaintiff the sum of $300, on condition he would accept it in full satisfaction of his claim, yet if the jury believed the defendant afterward, by himself or his agent, let the plaintiff have the money without an agreement that it should be received in full satisfaction of the claim, then it would be no bar to a further recovery if more was due, was *held* erroneous, as tending to mislead the jury into the belief that some special agreement was necessary to consti

tute a bar; the law not requiring any special agreement to that effect. If the plaintiff received the sum thus tendered, on the terms proposed, the law would imply the agreement from the acts of the parties.

5. If a party tender to another a certain sum of money in full satisfaction and discharge of a disputed claim, and the other party receive it on the terms proposed, it will constitute an effectual bar to any further recovery on the same account.

6. It is always a question of fact for the jury whether the money was tendered in full satisfaction and discharge of the claim, and whether it was received on the terms proposed, by the party to whom it was tendered.

7. If, however, a party should receive money under a misapprehension of the terms under which it was tendered, he can always relieve himself from the consequences by offering to pay back the money before he institutes his suit.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

The opinion states the case.

Mr. S. W. BROWN, for the appellants.

Mr. T. C. MOORE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, brought by the appellee to recover for materials furnished and work and labor performed in repairing a carriage or coach for the appellants.

It appears from the evidence, that there was a controversy between the parties as to the amount actually due to the appellee, and before the suit was instituted the appellants offered to pay to the appellee the sum of $300 in full satisfaction and discharge of this claim. The appellee would not accept the money tendered, on the terms proposed, but was willing to receive it and credit the same on the general account.

Van Vleet, one of the appellants, then told the appellee that he would deposit the sum of $300 in Mr. Coffin's bank, where he could get the same whenever he concluded to take it in

full payment and discharge of his entire claim; and Van Vleet soon afterward did deposit the money in the bank in accordance with his proposition, subject to the order of the appellee. The appellee afterward drew the money out of the bank to his own use.

One question involved in the case is, whether the appellee received the $300 in full discharge and satisfaction of his claim, or whether he only received it as a partial payment on his account. On the trial there was a direct conflict of the evidence bearing on this question. To maintain the issues on the part of the plaintiff, the court, against the objection of the counsel for the defendants, permitted the plaintiff, who offered himself as a witness for that purpose, to testify to a conversation between himself and Mr. Coffin on the street about the money. The plaintiff then testified, in substance, that he met Mr. Coffin on the street before he drew the money, and inquired of him whether Jenks and Van Vleet had deposited $300 in the bank to his credit, and, on being answered in the affirmative, the plaintiff then asked him if there were any conditions attached to it, to which he replied that there were none. Upon receiving this information the appellee drew the money out of the bank and applied the same as a general credit on the account of the appellants.

We are familiar with no principle upon which it would be proper to admit this evidence to go to the jury.

If it be admitted that Mr. Coffin was the agent of the appellants for the purpose of paying out the money, still his declarations at the time specified, and under the circumstances, were inadmissible as original evidence. Before the declarations of an agent can ever be admitted as evidence, it must appear that, at the very time of making the declarations, he was transacting or doing something about the business of his principal, so that his acts and declarations become and form, of themselves, a part of the *res gestæ*. Under such circumstances the acts and declarations of the agent may be proved as any other affirmative fact in the case, but not otherwise. If a fact

rests in the knowledge of the agent, which is material to the issue between the parties, the party desiring such testimony must call the agent himself as a witness. He certainly can not be permitted to prove his mere declarations. *The Michigan Central R. R. Co.* v. *Gougar*, 55 Ill. 503; 1 Greenlf. on Ev., §§ 113, 114.

The second instruction given at the trial, at the instance of the appellee, was erroneous, and ought not to have been given. It states, in substance, the proposition that, if the defendants tendered to the plaintiff the sum of $300, on condition that he would accept that sum in full satisfaction of his claim, yet, if the jury believed that the defendants afterward, by themselves or their agent, let the plaintiff have the money without an agreement that it should be received in full satisfaction of the claim, then it would be no bar to a further recovery if more was due. The law does not require that there should be any special agreement between the parties, that the money tendered should be received in full satisfaction of the claim. It is sufficient, if there exists a disputed account between the parties, if one tenders a sum certain to the other in full satisfaction and discharge of his claim, and the other receives the sum thus tendered, on the terms proposed; without any special agreement to that effect, the law would imply the agreement from the acts of the parties. We can conceive that this instruction may have misled the jury into the belief that some special agreement was necessary to constitute a bar.

The last instruction asked by the appellants, which the court refused to give, states a correct principle of law, and we can perceive no reason why it was not permitted to be read to the jury. It states the law correctly, that, if a party tender to another a certain sum of money in full satisfaction and discharge of a disputed claim, and the other party receives it on the terms proposed, it will constitute an effectual bar to any further recovery on the same account. This rule is fully recognized in the cases of *Miller* v. *Holden*, 18 Ver. 337, and *Gassett* v. *Andover*, 21 id. 342.

It is always a question of fact for the jury whether the money was tendered in full satisfaction and discharge of the claim, and whether it was received on the terms proposed, by the party to whom it was tendered. If, however, a party should receive money under a misapprehension of the terms under which it was tendered, he can always relieve himself from the consequences by offering to pay back the money before he institutes his suit.

For the errors indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*