# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—AUGUST TERM, 1897.

## Cleveland, C., C. & St. L. Ry. Co. v. Charles Jenkins.

1. AGENCY—*Existence of, How Shown.*—An agency can not be established by the declarations of the agent, no matter how publicly made.

2. SAME—*Declarations of the Agent—When Admissible.*—Before the declarations of an agent can be admitted as evidence, it must appear that, at the very time of making the declarations, he was transacting or doing something about the business of his principal, so that his acts and declarations become and form of themselves, a part of the *res gestæ.*

3. SAME—*Declarations of the Agent—When Binding upon the Principal—Admissibility.*—The admissions and declarations of an agent do not, in general, bind the principal. To be admissible in evidence, they must enter into and form a part of the *res gestæ,* in the nature of original and not hearsay evidence, and must be made not only during the continuance of the agency, but in regard to a transaction depending at the time.

4. SAME—*Liability of the Principal for Malicious Prosecution.*—When it is sought to charge a principal with malicious prosecution by the admissions or declarations of his agent, it must clearly appear that such admissions and declarations were a part of the *res gestæ,* and that the agent was attending to the business of his principal at the time, and that such business was the prosecution of ʰ⁻ person complaining.

5. MALICIOUS PROSECUTION—*Effect of an Acquittal.*—The record of an acquittal is competent only for the purpose of showing an end of the prosecution; it affords no evidence that the charge in question was preferred without probable cause, and its general admission without limitations is error.

6. SAME—*Probable Cause a Question of Law.*—Whether the facts proven in an action for malicious prosecution constitute probable cause

for commencing a criminal proceeding against a party charged, is regarded as a question of law, to be governed by the instructions of the court.

**Malicious Prosecution.**—Appeal from the Circuit Court of Wabash County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed March 1, 1898.

H. M. STEELY, attorney for appellant, contended that in order to sustain a suit for malicious prosecution the plaintiff must establish and prove three things: 1. That the motive of the party instituting the suit or proceeding was malicious. 2. The suit or proceeding complained of must have been instituted without any probable cause therefor. 3. The suit or proceeding complained of must be fully and finally terminated. Leidig v. Rawson, 1 Scam. 272; Mitchinson v. Cross, 58 Ill. 366; Barrett v. Spaids, 70 Ill. 408; Russell v. Deer, 7 Ill. App. 181; Splane v. Byrne, 9 Ill. App. 392; Smith v. Zent, 59 Ind. 362; 14 Am. and Eng. Ency. Law, p. 17. n. 3; Newell on Malicious Prosecution, 10; Kelton v. Bevins, 5 Am. Dec. 670; Bell v. Graham, 9 Am. Dec. 687; Clements v. Oderless E. A. Co., 1 Am. St. Rep. 409.

The question of malice is immaterial if there be probable cause, and this probable cause for instituting a criminal prosecution is a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty. It is not necessary that all the facts shall be true upon which the prosecutor acts. If he honestly believes them to be true, and they are of such a character as would induce a reasonable and prudent man to believe them to be true, then there is probable cause. Ames v. Snider, 69 Ill. 376; Bourne v. Stout, 62 Ill. 261; Davie v. Wisher, 72 Ill. 262; Harpham v. Whitney, 77 Ill. 32; Newell on Malicious Prosecution, 246.

Malice on the part of the prosecutor can not be considered, and will not entitle the plaintiff to recover, if probable cause existed for the arrest or prosecution. Ross & Co. v. Innis, 35 Ill. 487; Chapman v. Cawrey, 50 Ill. 512; McFarland v. Washburn, 14 Ill. App. 369.

In an action for malicious prosecution, the burden is on plaintiff to show a want of probable cause. Newell on Malicious Prosecution, 273, 276; Davie v. Wisher, 72 Ill. 262; Gardiner v. Mays, 24 Ill. App. 286; Richey v. McBean, 17 Ill. 63; Ross & Co. v. Innis, 35 Ill. 487; Collins v. Hayte, 50 Ill. 353; Palmer v. Richardson, 70 Ill. 544; Brown v. Smith, 83 Ill. 291.

While malice may be inferred from a want of probable cause, yet, a want of probable cause is never to be inferred from malice. Brown v. Smith, 83 Ill. 291; Ross & Co. v. Innis, 35 Ill. 487; Chapman v. Cawrey, 50 Ill. 512; Newell on Malicious Prosecution, 20, 247, 262.

The burden is on the plaintiff, and proof of malice and want of a probable cause must both concur, before plaintiff can recover. Ross & Co. v. Innis, 35 Ill. 487; Leidig v. Rawson, 1 Scam. 272; Jacks v. Stimpson, 13 Ill. 701; McBean v. Ritchie, 18 Ill. 114; Mitchinson v. Cross, 58 Ill. 366; Bourne v. Stout, 62 Ill. 261; Montross v. Bradsby, 68 Ill. 185; Barrett v. Spaids, 70 Ill. 408; Harpham v. Whitney, 77 Ill. 32; Newell on Malicious Prosecution, 273, 276.

Declarations or admissions of an agent made in the discharge or line of his duty, and in the immediate connection of the doing of some act which relates to what he is doing, so as to become a part of the *res gestæ*, are admissible against the principal. But unless so made, neither the declarations of a president, general officer or agent, are admissible. Chicago & St. L. R. Co. v. Ashling, 34 Ill. App. 108; Michigan C. R. R. Co. v. Gougar, 55 Ill. 503; Chicago, B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Chicago, B. & Q. R. R. v. Riddle, 60 Ill. 534; Michigan C. R. R. Co. v. Carrow, 73 Ill. 348; Summers v. Hibbard & Co., 153 Ill. 102; Elliott on Railroads, Sec. 217 and notes.

An agency can not be proven or shown by statements or declarations of the alleged or supposed agent. Whiteside v. Margarel, 51 Ill. 507; Mullanphy S. Bank v. Schott, 135 Ill. 655; Mellor v. Carithers, 52 Ill. App. 86; James v. Indiana & St. L. R. R. Co., 91 Ill. 554; Proctor v. Tows, 115 Ill. 138; Maxey v. Heckethorn, 44 Ill. 437; Greenleaf's Ev., Sec. 113.

A principal is not liable for the malicious acts of an agent unless it can be shown that the principal in some manner aided, abetted, advised, consented to, adopted or ratified such act. Otherwise the agent alone is liable. Oberne v. O'Donnell, 35 Ill. App. 180; Wilson v. Tumman, 6 Mann & Granger, 236; 2 Hilliard on Torts, 411; Mechem on Agency, Sec. 148; Dally v. Young, 3 Ill. App. 39; Newell on Malicious Prosecution, 394.

When the accuser acts under the advice of counsel, it will go far to show probable cause, and to negative malice. Ross & Co. v. Innis, 35 Ill. 487; Collins v. Hayte, 50 Ill. 337; Wicker v. Hotchkiss, 62 Ill. 107; Ames v. Snider, 69 Ill. 376; Palmer v. Richardson, 70 Ill. 544; Barrett v. Spaids, 70 Ill. 408; Anderson v. Friend, 71 Ill. 475; Davie v. Wisher, 72 Ill. 262; Skidmore v. Bricker, 77 Ill. 164; Murphy v. Larson, 77 Ill. 172.

But counsel advising must be a licensed attorney. Murphy v. Larson, 77 Ill. 172; Calef v. Thomas, 81 Ill. 478; Horne v. Sullivan, 83 Ill. 30; Brown v. Smith, 83 Ill. 291; Anderson v. Friend, 85 Ill. 135; Loewenthal v. Streng, 90 Ill. 74; Roy v. Goings, 112 Ill. 656; but see Newell on Malicious Prosecution, 309 to 312.

In an action for malicious prosecution, it is error for the court to admit in evidence for the plaintiff, the record of the plaintiff's acquittal of a criminal charge, as the question of his guilt or innocence is not material, the real question being whether the prosecutor had probable cause for believing him guilty. Skidmore v. Bricker, 77 Ill. 164; Corbley v. Wilson, 71 Ill. 209.

It is error to instruct a jury that if they find for plaintiff they should assess his damages at such sum as they think proper, not exceeding the amount claimed in the declaration. Chicago, R. I. & P. R. R. Co. v. Austin, 69 Ill. 426; Chicago & E. I. R. R. Co. v. Johnson, 61 Ill. App. 471.

C. S. CONGER, also for appellant.

" It is elementary law, that an agency can not be shown merely by the statements and declarations of the alleged, or

supposed agent." Mullanphy Sav. Bk. v. Schott, 135 Ill. 655; Proctor v. Tows, 115 Ill. 138; Whiteside v. Margarel, 51 Ill. 507.

Neither can the extent of the authority of an agent be proven by his statements. Am. & Eng. En. of Law, Vol. 1, 351, note 1.

The finding of the grand jury is *prima facie* evidence of probable cause. Garrard v. Willett, 4 J. J. Marsh. (Ky.) 628; Kerr v. Workman, Add. (Pa.) 270; Brown v. Griffin, Cheves (Law S. C.), 32.

The *onus* is upon the party bringing the action to show that the criminal prosecution was the offspring of malice and without any probable cause to justify it—that the prosecutor had no sufficient reason to believe the accused guilty. The want of this element, probable cause, is the main ground of this action, and it must be clearly shown; and though malice may be inferred from the want of probable cause, a want of probable cause can not be inferred from malice. The burden is on the plaintiff to show affirmatively, by circumstances or otherwise, that the defendant had no ground for the prosecution, no reasonable ground of suspicion sufficiently strong in itself to warrant a cautious man in believing that the person arrested is guilty of the offense charged. Ross & Co. v. Innis, 35 Ill. 505.

It must be remembered that the burden of proof to show want of probable cause is on plaintiff, and that he must make that proof clear and satisfactory. Gardiner v. Mays, 24 Ill. App. 290.

The law casts the burden of proof upon appellee to show clearly that appellant did not have probable cause to institute the criminal prosecution. Davie v. Wisher, 72 Ill. 266; Palmer v. Richardson, 70 Ill. 544; Calef v. Thomas, 81 Ill. 486.

What facts and circumstances amount to probable cause, is a question of law. Stone v. Crocker, 24 Pick. (Mass.) 81; Masten v. Deyo, 2 Wend. (N. Y.) 424.

Probable cause, may be said to be a mixed question of law and fact. After the facts are given in evidence, it is

for the court to say, in its instructions to the jury, whether or not they make up probable cause. Israel v. Brooks, 23 Ill. 575.

Whether the facts and circumstances which amount to probable cause exist in the particular case, is a question of fact to be found by the jury. Hemmenway v. Woods, 1 Pick. (Mass.) 524; Nye v. Otis, 8 Mass. 122; Crabtree v. Horton, 4 Munf. (Va.) 59.

MUNDY & ORGAN and CULLOP & KESSINGER, attorneys for appellee.

The law furnishes a remedy for wrongs, and here, the State not being liable, the person who is the cause of this prosecution should, if maliciously done, respond in damages. The persons swearing out the warrant or going before the grand jury are not the only persons liable for a malicious prosecution. If one advise the arrest, he is equally responsible with the one who makes the complaint; or, if he co-operated in it, or encouraged it; and these need not be directly proven, but the jury would have the right to infer it, if circumstances were proven justifying such an inference, and this is for the jury. Gilbert v. Emmons, 42 Ill. 143.

"The principal constitutes the agent his representative in the transaction of certain business; whatever, therefore, the agent does in the lawful prosecution of that business, is the act of the principal whom he represents. And where the acts of the agent will bind the principal, there his representations, declarations and admissions will also bind him if made at the time and constituting part of the thing done." Greenleaf on Ev., Vol. 1, Section 113.

What the agent does is the act of the principal in the scope of his employment, or if the principal, knowing the circumstances, allows the agent to continue in the matter, or aids, abets, encourages, co-operates with, or ratifies by act or word the acts of the agent, he is liable. Dally v. Young, 3 Ill. App. 39; Hurd v. Marple, 10 Ill. App. 418; Home Life Ins. Co. v. Pierce, 75 Ill. 426; St. Louis & M.

Packet Co. v. Parker, 59 Ill. 23; Rockford, R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417; Singer Mfg. Co. v. Holdfodt, 86 Ill. 455; St. Louis, A. & C. R. R. Co. v. Dalby, 19 Ill. 353.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

This is a suit for malicious prosecution. The charge is that appellant, maliciously, and without probable cause, procured the arrest and prosecution of appellee for larceny and embezzlement.

There were two indictments presented by this grand jury. One of these was *nolled* by the state's attorney for some informality, and another presented to take its place. Appellee was tried and acquitted upon both. He then brought this suit for malicious prosecution and recovered judgment for $1,200 damages.

The case against appellant is based upon the allegation that one Schultz, as agent of appellant, procured the indictment and prosecution of appellee, and that appellant is liable for his acts as such agent. Schultz was a traveling freight agent. There is no evidence that he had authority to institute or prosecute criminal proceedings. Both Sutton and Bayley, superintendents of the road, testify that so far as they knew he had not. Bayley testifies that " the superintendent has entire charge of the division as to transportation matters, and everything that occurs upon the division is supposed to be under his supervision." There is no evidence that appellant adopted or ratified what Schultz did. He was an agent to look after lost or missent freight. If, then, appellant, as principal, is liable for his acts, it must be because they came within the apparent scope of his authority as agent. This can not be proved by Schultz's declaration. Agency can not be shown by the statements of the agent. Greenleaf on Ev., Sec. 113.

" Agency can not be proved by the declarations themselves, no matter how publicly made." Jones on Ev., Sec. 359, and authorities cited. If this judgment is sustained, it

must be upon the declaration of Schultz, admitted in evidence.

This is apparent from the uncontradicted testimony of Gillespie, the state's attorney, who conducted the prosecution.

His testimony is to the effect that neither appellant nor Schultz procured the indictment of appellee, or knew that he was implicated until after the indictments were presented by the grand jury.

Freight had been missing at Tunnel Station, and after some investigation Schultz reported to the state's attorney, who caused a warrant to issue for one Jones, the station agent at Tunnel. After Jones' arrest, and while in jail, he sent for the state's attorney, made confession of his guilt, and in it implicated appellee, who was a freight conductor on the road. The state's attorney sent Jones before the grand jury, and upon his testimony, and the testimony of other witnesses whose names are not disclosed in the record, appellee was indicted.

In reference to these matters the state's attorney testifies:

Q. I want a direct answer to the question whether the defendant company had anything to do with procuring either of these witnesses to go before the grand jury. A. They did not—nothing whatever.

Q. Up to the time that Jones made his confession and statement to the grand jury, did you know anything about Jenkins (appellee) being implicated? A. No, sir.

Q. Had Mr. Schultz charged Jenkins with being implicated in the transaction? A. No, sir, he made no such charge to me at all.

Q. I notice the name of Mr. Schultz appearing upon the back of the indictment; who placed it there? A. I did.

Q. By whose authority? A. I did it by my own authority.

Q. State to the jury whether or not in the further prosecution of these cases you did it upon your own responsibility as state's attorney of Johnson county? A. Yes, sir, I did.

Q. State whether or not the defendant railway company, either directly or indirectly, had anything to do with instigating or carrying on this indictment or either of these indictments found there? A. It had not. I had nothing to do with any of the railroad company's agents, except Mr. Schultz. I had some correspondence with Mr. Bayley about this matter, and had some correspondence with Mr. Sutton.

Q. Did you require them to do anything about it? A. I simply required them to furnish me with a list of the property lost from the freight cars and other facts within their knowledge.

Q. * * * These other indictments as well as the first one, you say you carried on and prosecuted under your official duty as state's attorney of Johnson county? A. I did.

Q. And without any suggestion or interference upon the part of the defendant railway company? A. Yes, sir.

The state's attorney further testifies that after the indictment he made inquiry of Schultz in reference to the case, and that at his request Schultz sat beside him at the trials, to give him information as to witnesses, Schultz having traced the lost freight and having a memorandum from which he gave information. Upon cross-examination of the state's attorney by counsel for appellee he asked:

Q. Whether or not Schultz knew or intimated that Jenkins had been implicated in the matter? A. No, sir.

The importance, then, of restricting the declarations of Schultz within well defined rules of evidence is apparent.

In Jenks v. Burr, 56 Ill. 450, the court says: " Before the declaration of an agent can ever be admitted as evidence, it must appear that at the very time of making the declaration, he was transacting or doing something about the business of his principal, so that his acts and declaration become and form of themselves a part of the *res gestæ*."

In Michigan C. R. R. Co. v. Gougar, 55 Ill. 503, the court cites with approval from Luby v. Hudson R. R. R. Co., 17 N. Y. 131, as follows:

" The declarations of an agent or servant do not in general bind the principal. To be admissible, they must be in the nature of original, and not hearsay evidence. They must be made not only during the continuance of the agency, but in regard to a transaction depending at the very time.' Chicago, B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Greenleaf on Evidence, Sec. 113; Jones on Evidence, Sec. 25 c.

Against the objection of appellant, a deposition of J. H. McLaughlin was read for appellee. In it he stated that " in April or May, 1894, at Evansville, in the evening, in front of the Wellington hotel, Schultz told me that the Big Four would send Jenkins to the penitentiary if it cost them ten thousand dollars, and that Jenkins could not railroad any more, even if he got out of it; I think—am almost positive—that Schultz told me that the Big Four Company will follow Jenkins up with his record, and that he would not be able to hold a job any longer than they knew where he was."

So far as the record discloses, this conversation was not had while Schultz . " was transacting or doing something about the business of his principal." It was in no sense a part of the *res gestæ*. It was a conversation on an evening, in front of a hotel. Its admission was manifest error, and the evidence was of a character to prejudice the jury against appellant.

The same objection applies to the admission of the testimony of appellee as to what Schultz said to him at Mt. Carmel, in March or April, 1894. " He told me that I was going to the pen." I says " Why ? " He says, " You are taxed with this stealing down here and I have the tracks on you pretty strong. You might as well go down and plead guilty and take a year, because you can't do anything, any place, anywhere." He said that the " Big Four " would spend fifteen or twenty thousand dollars to send me to the " pen." I kind of laughed and told him he was joking and he says, " You'll find out." From a careful examination of the record, we do not think that it sufficiently appears that Schultz was engaged in the busi-

C., C., C. & St. L. Ry. Co. v. Jenkins.

ness of the company at the time of this conversation to make this testimony admissible. It seems that he was on his way to Belknap; when he expected to reach there, does not appear. What he was doing at Mt. Carmel, how long he had been there, or how long he expected to stay, or where at Mt. Carmel the conversation took place, is not shown. It might have been at a street corner, or in a saloon, or at any indifferent place at which idle conversation was indulged.

The testimony is of a very material character. It is sought by it to charge a principal by the talk of his agent. It ought clearly to appear that it was a part of the *res gestœ;* that the agent was there attending to the business of his principal, and that this business was the prosecuting appellee.

Counsel for appellant insist that the introduction of the record showing the acquittal of appellee was error, citing Skidmore v. Bricker, 77 Ill. 164.

There was no general objection made at the trial to the introduction of the record of acquittal. The objections were technical, namely, that the record was not complete.

We construe the decision in the case above cited to be, that the record of acquittal is only competent to show the termination of the prosecution, and that no inference of "want of probable cause" can be drawn from it, and that its general admission without limitation is error.

"The acquittal of a defendant upon the trial of a criminal charge affords no evidence that such charge was preferred without probable cause." Text. Am. & Eng. Ency. Law, Vol. 14–65; Griffin v. Chubb, 7 Texas, 614; Heldt v. Webster, 60 Texas, 207.

"To presume that every person who has been acquitted by a verdict was prosecuted maliciously, would not only be unreasonable and false, but subversive of justice.  *  *  *  Such a consequence could not be admitted as the law of the land, and hence the verdict of acquittal is no evidence of malice or of the want of probable cause for the prosecution." Garrard v. Willet, 4 J. J. Marshall (Ky.), 630.

The effect that a verdict of acquittal is liable to have upon a jury, when read without limitation, was doubtless the reason for the decision in Skidmore v. Bricker, 77 Ill. 164.

It is urged that the first, second and fourth instructions as given for appellee are bad in not defining probable cause. "Probable cause may be said to be a mixed question of law and fact. After the facts are given in evidence, it is for the court to say, in its instructions to the jury, whether or not they make up probable cause." Israel v. Brooks, 23 Ill. 575.

"Whether the facts proven in an action constitute probable cause for commencing a criminal proceeding against a party charged has always been regarded as a question of law." Angelo v. Faul, 85 Ill. 106; Wade v. Walden, 23 Ill. 425.

Such being the law, the court should have so defined probable cause or instructed the jury as to what facts or circumstance, if proven, constitute probable cause, as to have enabled the jury to apply the law to the facts. As instructed they were left without guidance to pass upon questions of both law and fact.

For the reasons stated, the judgment is reversed and the case remanded.