## Connecticut Mutual Life Ins. Co. v. James Stinson.

1. TENDER—*Must be Without Conditions.*—A tender, to be good, must be offered without annexing any terms or conditions.

2. INTEREST—*On Foreclosure Decrees.*—It does not need citation of the statute, or of other authorities, to show that a foreclosure decree draws interest from the date of its rendition.

Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded with directions. Opinion filed January 30, 1900.

E. PARMALEE PRENTICE, attorney for appellant.

ENOCH J. PRICE, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The original decree of foreclosure in this case was before this court, upon appeal by the present appellant, who was complainant below, as reported in 62 Ill. App. 319, and the order of this court reversing that decree with directions was affirmed by the Supreme Court. (174 Ill. 125.)

By such order of reversal the Circuit Court was directed to increase and add to the amount found due to the appellant, certain sums paid by appellant in the matter of tax sales of the mortgaged premises.

The present appellee, Stinson, the maker of the mort-

gage, and defendant, was apparently satisfied to pay everything claimed by appellant except the sums paid by it in the same matter of tax sales, and made a tender of the amount admitted by him to be due to the appellant, before the master in chancery, and afterward in court.

The tender of the money ($16,972.75) was accompanied by a written statement by Stinson that "this tender is made in full of all money due under the mortgage and the mortgage bond, court costs and attorney's fees, as provided in said mortgage, meaning hereby to tender all money due, or which the defendant, James Stinson, is bound to pay under the bill and proofs in this cause to this date."

The amount tendered did not include the disputed sums paid by appellant in the matter of the tax sales, and appellant refused to accept it under the conditions above quoted, but did offer to receive the same and apply it on account of the indebtedness claimed by it.

The amount tendered at the hearing before the master was subsequently brought into the Circuit Court and the money was ordered to be paid to the clerk of that court, to be received and held by him subject to the order of the court.

After the hearing of the exceptions to the master's report, but before the decree was entered, appellant moved to be allowed to receive the money from the clerk without prejudice to its right of appeal from the decree that might be entered. Thereupon a final decree was entered sustaining the sufficiency of the tender made at the hearing before the master, but finding that the tender was not kept good by the payment into court (until some months later) of the sum tendered, interest was not stopped from running, Stinson was permitted to pay into court an additional sum of $636.60 as interest on the principal sum of the mortgage from the date of the tender before the master until June 17, 1895, which was the date of the decree. The decree then proceeded to find that the mortgage debt was satisfied and discharged, and appellant's motion to withdraw the money from the clerk without prejudice to its right of appeal was denied.

From such final decree the appellant prosecuted an appeal to this court with the result of obtaining a reversal thereof, as above stated.

After such order of reversal by this court, and in contemplation of the subsequent appeal therefrom by appellee, Stinson, to the Supreme Court, a stipulation was entered into by the parties, whereby the sums so deposited in the Circuit Court were permitted to be received by the appellant on February 21, 1896, without prejudice to either party.

After the Supreme Court had finally settled the dispute by affirming the judgment of this court, appellant applied, in proper form, to the Circuit Court to be allowed interest on the sum deposited in that court by Stinson, from the date of the decree, June 17, 1895, at which time it was deposited, until February 21, 1896, when it was actually paid to appellant, which motion was by the final decree of December 16, 1898, denied. The correctness, or otherwise, of such decision is all that we are asked to review. The question is not a difficult one.

The tender originally made by Stinson before the master was expressly stated as made in full of " all money due or which the defendant, James Stinson, is bound to pay under the bill and proofs " in the cause, and if accepted by appellant under such terms, would have doubtless barred appellant from claiming any more. Jenks v. Burr, 56 Ill. 450. Then, afterward, when the money was paid into court, it was done, as the order recites, " in order to get the benefit of the tender " made before the master. This was but a repetition of the terms or conditions under which the tender was first made. A tender, to be good, must be offered to be paid without annexing any terms or conditions. Pulsifer v. Shepard, 36 Ill. 513.

The money was not paid into court for the use of appellant, in whose favor the finding was, but was paid to be held by the clerk until the further order of the court, and its receipt by appellant, under a proper application made therefor, was denied by the court—because, presumably, the appellant wanted it without prejudice to its right of appeal.

The appellant might rightfully claim to have all that was its due, without the imposition of conditions of any kind, or else be not debarred from having interest on the sum withheld.

This court, and the Supreme Court, held that the amount tendered and brought into court was not all that appellant was entitled to have, and ordered that to the decree, as entered for the amount paid into court, other sums should be added, and such sums were afterward decreed to be paid and were paid.

But interest between the date of payment into court and the date of its payment to appellant was denied.

We are unable to discover any true theory upon which interest was refused.

It does not need citation of the statute or of other authorities to show that a foreclosure decree draws interest from its date. Now, what has happened to stop interest from running from the date of the decree, June 17, 1895, until it was paid to appellant on February 21, 1896?

We can discover absolutely nothing. The former appeal did not stop it, nor was the right to it in any manner involved in that appeal.

All the interest claimed accrued after the date of the decree that was involved upon that appeal.

That appellant may have received the moneys subsequently paid by appellee, as directed by this court by its former order already referred to, in the matter of taxes, is in no way determinative of the question now involved. It is because the Circuit Court, in decreeing such additional sums to be paid, did not also order this interest to be paid, that the case is here again.

The decree of the Circuit Court will therefore be reversed, and the cause remanded to that court with directions to enter a decree that unless appellee shall, within a short time, to be fixed by the court, pay to appellant the amount, to be arrived at in the usual course of practice and procedure, of interest at the rate of five per centum per annum on the said principal sum of $15,000, from June 17, 1895, the day

when said sum was paid into court, to February 21, 1896, when, by stipulation between the parties and by order of court, appellant was allowed to withdraw and receive the same, the said mortgaged premises be sold at foreclosure sale, in accordance with the practice of the court and the statutes governing such cases. Reversed and remanded, with directions.