⍦ **Emily Young, Appellee, v. Grand Lodge of A. O. U. W. of Illinois, Appellant.**

EVIDENCE—*what essential to render declarations of agent competent.* To make the declarations of an agent admissible so as to bind the principal, it is essential that at the very time of the making of such declarations such agent be transacting or doing the business of the principal so that the statements of the agent become a part of the *res gestae.*

Assumpsit. Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1908. Reversed with finding of facts. Opinion filed June 28, 1909.

ALFRED ORENDORFF, ROBERT H. PATTON, WILLIAMS & WILLIAMS and PAUL F. GROTE, for appellant.

604     APPELLATE COURTS OF ILLINOIS.

Young v. Grand Lodge of A. O. U. W. of Illinois, 149 App. 603.

WILLIAM MUMFORD, for appellee.

PER CURIAM. Appellee, Emily Young, formerly Emily Graham, recovered a verdict and judgment against appellant, The Grand Lodge of A. O. U. W. of Illinois, for the sum of $2,000 upon a benefit certificate issued to W. J. Graham, payable upon his death to his wife, the appellee. The case was before this court upon appeal at the May term, 1905, when a former judgment against appellant was reversed and the cause remanded. 123 Ill. App. 628. Since such reversal the case has been again tried with the result above stated.

The defense interposed by appellant upon both trials of the cause was that the insured had failed to make payment to the beneficiary fund of certain assessments due April 28, 1897, and was thereupon declared to be in default as shown by the official reports and records kept by appellant. Appellee claimed that the insured had paid the assessments for April and May, 1897, to the local financier of appellant at Roodhouse, Illinois, and in support of this claim offered in evidence two receipts identified in the record as Exhibits 3 and 4, purporting to be for assessments paid by the insured on April 28, 1897, and May 25, 1897.

It was and is insisted by appellant that these two receipts were materially altered by changing the dates thereof from the dates they formerly bore to the dates they now appear to bear, and that the dates of other receipts which were given prior to those in question had likewise been changed so as to fill the gaps necessarily made in the line of previous receipts by changing the dates of the two principal receipts designated as Exhibits 3 and 4. All of the receipts offered in evidence have been certified to this court for inspection and upon a careful examination of such receipts we have no hesitancy in concluding that they have been materially altered as claimed by appellant. The receipt, Exhibit 3, appears to have been originally dated Mar. or March 27, 1897, instead of May 25, being the

date it now bears, and while it is not clear what date Exhibit 4 originally bore, it is apparent that the word "April" now written thereon is written in a different ink from the body of the receipt and in the handwriting of some person other than the one who wrote the body of the receipt.

It is first urged that Exhibits 3 and 4 were improperly admitted in evidence because of the failure of appellee to satisfactorily explain the apparent alterations in the dates of said receipts. The evidence bearing upon this question at the last trial was substantially the same as that offered by appellee upon the first trial, and upon the former appeal it was held that the trial court did not err in admitting said receipts in evidence. The particulars in which the testimony of appellee upon the last trial differed from her testimony on the first trial is not of sufficient importance to affect the question, and we adhere to our former holding that the receipts were properly admitted in evidence.

The testimony of the witness Mary Edmonson to the effect that in the course of a conversation in June, 1897, between appellee and E. S. Bundy, since deceased, and who was then the local financier of appellant, Bundy said in response to the offer of appellee to pay the June assessments upon the certificate, that Graham "had paid" or "was paid up" referring to the April and May assessments, was incompetent. It is apparent from the record that at the time of such alleged conversation Bundy expressly refused to transact any business on behalf of appellant with respect to the certificate in question and that what he is alleged to have said with reference to the payment by Graham of the April and May assessments did not relate to any business or transaction he was then conducting on behalf of appellant with appellee, but related solely to transactions alleged to have taken place in April and May prior to the time of the conversation. To make the declarations of an agent ad-

606        APPELLATE COURTS OF ILLINOIS.

Young v. Grand Lodge of A. O. U. W. of Illinois, 149 App. 603.

missible, so as to bind the principal, it is essential that at the very time of making such declarations, such agent be transacting or doing the business of the principal, so that the statements of the agent become a part of the *res gestae*. Jenks v. Burr, 56 Ill. 450; Cleveland, C., C. & St. L. Ry. Co. v. Jenkins, 75 Ill. App. 17; Summers v. Hibbard, 153 Ill. 102; Pennsylvania Co. v. Bridge Co., 170 Ill. 645.

A most careful examination of the evidence in the record compels us to the conclusion that W. J. Graham never in fact paid the assessments for April and May, 1897, upon the certificate in question, and that the manifestly cunningly contrived but carelessly executed plan of appellee or of some one on her behalf to make Exhibits 3 and 4 operate as receipts for the payment of such assessments must fail because of the many inherent infirmities apparent upon the record relating to the palpable alteration and substitution of the receipts relied upon together with other receipts in evidence, the enumeration and consideration of which in detail would unduly extend this opinion.

The judgment of the circuit court will be reversed with a finding of facts to be incorporated in the judgment of this court.

*Reversed with finding of facts.*

Finding of facts: We find that W. J. Graham did not pay the assessments on the certificate sued on for April and May, 1897, and that said assessments were not paid prior to the death of said Graham.